IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SYLVESTER THOMAS,

                                                        ORDER

                Petitioner,

                                         17-cv-55-bbc

       v.

CIRCUIT COURT OF DANE COUNTY and
THE HONORABLE RHONDA L. LANFORD,

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Sylvester Thomas has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he challenges his civil commitment at Sand Ridge Secure Treatment Center, which is in Mauston, Wisconsin.  Petitioner says that he is entitled to "immediate release" from custody because he is not receiving "prompt and adequate treatment," as required by Wis. Stat. § 51.61.  Petitioner has paid the $5 filing fee, so his petition is ready for screening under Rule 4 of the Rules Governing 2254 Petitions, which requires the court to dismiss the petition if it plainly appears that petitioner is not entitled to relief.

      I am denying the petition.  Even if petitioner's allegations are true, they would not entitle him to release from custody.  If officials are subjecting a person in custody to unlawful conditions of confinement, the proper remedy is to correct the unlawful conditions, not to release the person in custody.  Glaus v. Anderson, 408 F.3d 382, 387 (7th Cir. 2005).

      When a person in custody brings a habeas petition that should have been brought as

1

a civil action, this court's general practice is to give the person an opportunity to decide whether he wishes to convert the action.  E.g., Martin v. Holinka, No. 10-CV-391-SLC, 2011 WL 382913, at *2 (W.D. Wis. Feb. 3, 2011).  In this case, it would be pointless to give petitioner that option, for two reasons.

First, petitioner was sanctioned by the Court of Appeals of the Seventh Circuit for repeatedly filing frivolous lawsuits and appeals.  Thomas v. Van Hollen, No. 10-3144 (7th Cir. Nov. 9, 2010).  Under the terms of the order, petitioner is barred from filing civil actions until he pays the $1000 fine imposed or he otherwise convinces the court of appeals to lift the sanction.  Id.  (The type of sanction at issue does not apply to habeas petitions. Support Systems International, Inc. v. Mack, 45 F.3d 185, 186 (7th Cir. 1995).)  Because petitioner has not paid the fine and the court of appeals has not lifted the sanction, I cannot consider any civil action that petitioner files in this court.

Second, petitioner's claim is that he is not receiving treatment to which he is entitled under Wis. Stat. § 51.61.  However, a federal court cannot consider a lawsuit raising only state law claims unless the plaintiff and defendants are citizens of different states, 28 U.S.C. § 1332, something that petitioner does not allege.  Although petitioner cites various constitutional provisions in his petition, he does not identify any particular way in which those rights have been violated.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the

2

denial of a constitutional right." 28 U.S.C. § 2253(c)(2); <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).  Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons stated, reasonable jurists would not debate the decision that the petition should be denied. Therefore, no certificate of appealability will issue.


ORDER

IT IS ORDERED that

1. The petition for a writ of habeas corpus filed by Sylvester Thomas is DENIED.

2. Petitioner is DENIED a certificate of appealability. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 22d day of March, 2017.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge